13-3474-cv
*Lembaris v. Univ. of Rochester*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT:
> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

ANN M. LEMBARIS,

> *Plaintiff-Appellant,*

-v.-                                                                          No. 13-3474-cv

UNIVERSITY OF ROCHESTER,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT**:          Ann M. Lembaris, *pro se*, Springwater, NY. *

**FOR DEFENDANT-APPELLEE**:          Jacqueline Phipps Polito, Littler Mendelson, P.C., Rochester, NY.

---

\* Christina A. Agola, Christina A. Agola, PLLC, Brighton, NY, filed a brief on behalf of Appellant before being relieved as counsel.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 29, 2013, is **AFFIRMED**.

Appellant Ann Lembaris, proceeding *pro se*, appeals from the District Court's grant of summary judgment for Appellee University of Rochester and dismissal of Lembaris's employment discrimination action. *See Lembaris v. Univ. of Rochester*, No. 12-cv-6214 (MAT), 2013 WL 4587810 (W.D.N.Y. Aug. 28, 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of summary judgment. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 465 (2d Cir. 2001). Summary judgment is appropriate "only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* On summary judgment, the court must consider "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

Upon review, we conclude – substantially for the reasons articulated by the District Court in its well-reasoned opinion – that Lembaris has failed to produce evidence sufficient to support a reasonable finding that the University of Rochester's proffered non-discriminatory grounds for her termination were pretextual. *See Abdu-Brisson*, 239 F.3d at 470.

We have considered Appellant's remaining arguments and find them to be without merit.

For the reasons set out above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court